## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARIE E. KEE PAPA,**

     **Plaintiff,**

**v.**                                        **Case No.:**

**UNIVERSITY COMMUNITY HOSPITAL,**
**INC. d/b/a AdventHealth Tampa**

     **Defendant.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marie E. Kee Papa, by and through undersigned counsel, herby sues University Community Hospital, Inc. d/b/a AdventHealth Tampa ("Defendant") and in support of states as follows:

### NATURE OF ACTION

1.     This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA") and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA and the FMLA.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      Plaintiff worked for Defendant in Hillsborough County, Florida.

6.      Defendant is a Florida not for profit Corporation.

7.      At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8.      Plaintiff is considered an "employee" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.*

9.      Plaintiff is considered an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601, *et. seq.*

10.     Defendant is considered an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.*, and the FMLA, 29 U.S.C. § 2601, *et. seq.*

11.     Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding her requests for leave pursuant to the FMLA.

12.     Plaintiff was employed by Defednant for more than twelve (12) months.

13.     Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

14.     Plaintiff has a serious health condition as defined by the FMLA.

15.     Plaintiff is "disabled" as defined by the ADAAA.

16.     Defendant knew of Plantiff's disability and serious health condition during her employment.

17.     Plaintiff was a "qualified individual" as defined by the ADAAA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

18.     Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC") on or about October 22, 2019.

19.     The EEOC issued a "Dismissal and Notice of Rights" letter on or about September 10, 2020 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

20.     This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

21.     On or about October 2, 2017, Plaintiff began her employment with the Defendant.

22.     On or about December 18, 2018, Plaintiff informed her supervisor, Marie Exum ("Ms. Exum"), that she suffered from a serious health condition and Plaintiff required surgery.

23.     Plaintiff submitted FMLA paperwork that same week.

24.     Plaintiff received approval to take leave for her suergery under the FMLA from on or about December 18, 2018 until on or about February 4, 2019.

25.     Plaintiff subsequently had surgery on or about January 14, 2019.

26.     On or about January 29, 2019, Ms. Exum sent a text message to Plaintiff inquiring about her return date.

27.     On or about February 5, 2019, Plaintiff sent a text message to Ms. Exum explaining that she had suffered complications since her surgery and requested an extension of her FMLA leave until February 18, 2019 and also requested an accommodation to work from home when she was ready to return to work.

28.     Plaintiff received approval to take leave until February 18, 2019, but no answer was given regarding the work from home accommodation request.

29.     On or about February 15, 2019, Ms. Exum sent a text message to Plaintiff inquiring about her return date.

30.     On or about February 15, 2019, Plaintiff sent a text message to Ms. Exum requesting an extension of her FMLA leave until February 24, 2019 and also, again, requested an accommodation to work from home when she was ready to return to work.

31.     Plaintiff received approval to take leave until February 25, 2019, but again no answer was given regarding the work from home request.

32.     On or about February 28, 2019, Plaintiff received a text message from Ms. Exum stating that "we cannot accommodate the work from home or reduced hours. They will need you to be able to return to work with no restrictions."

33.     Defendant denied Plaintiff's accommodation request without any discussion between Plaintiff and Defendant.

34.     On or about March 4, 2019, Plaintiff sent a text message to Ms. Exum stating that her doctor's office would be sending documentation to the Defendant for an extension of FMLA leave

35.     Plaintiff's doctor subsequently sent Defendant a document stating that Plaintiff would require additional leave.

36.     During this time, Plaintiff was waiting to see a cardiologist specialist due to complications from her surgery.

37.     On or about March 25, 2019, Plaintiff was finally able to see a cardiologist and she was diagnosed with coronary artery disease and microvascular ischemic disease.

38.     Coronary artery disease and microvascular ischemic disease are disabilities as defined under the ADA.

39.     On or about March 25, 2019, Plaintiff sent her diagnosis, along with an accommodation request for leave for rehabilitation, to Defendant.

40.     On or about March 25, 2019, Defendant confirmed receipt of the diagnosis and accommodation request for leave for rehabilitation.

41.     On or about April 1, 2019, Plaintiff was sent a letter from Defendant informing her that she had been terminated effective March 29, 2019.

42.     Plaintiff and Defendant never discussed the accommodation for leave for rehabilitation prior to receiving the termination letter sent on or about April 1, 2019.

43.     Plaintiff has satisfied all conditions precedent, or they have been waived.

44.   Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination and Failure to Accommodate under the ADAAA

1. All allegations prior to Count I are realleged and incorporated herein.

2. Plaintiff requested to work from home and for leave.

3. Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request(s) to accommodate her disabilities, failed to establish that the requested accommodation(s) was an undue hardship, and failed to reasonably accommodate Plaintiff's disabilities.

4. Defendant terminated Plaintiff because of her disabilities.

5. Defendant's discharge of Plaintiff because of her disabilities constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

6. As a direct and proximate cause of Defendant's unlawful discharge of Plaintiff and failure to accommodate Plaintiff's disabilities, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### Count II – FMLA Interference

1. All allegations prior to Count I are realleged and incorporated herein.

2. Plaintiff took leave to care for her own serious health condition.

3. In taking leave, Plaintiff is protected against interference with the rights as prescribed by the FMLA.

4.  Plaintiff's use of FMLA leave was used as a negative factor in the Defendant's decision to terminate her.

5.  Defendant's use of Plaintiff's FMLA leave as a negative factor in their decision to terminate Plaintiff interfered with Plaintiff's rights under the FMLA.

6.  As a direct and proximate cause of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a)  That process issue and that this Court take jurisdiction over the case;

(b)  Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)  All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)  For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 28th day of September, 2020 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.

100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*